UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

YASHUA MESSIAH
A/K/A ROBIN ZAKIA ELLIOTT,
    Plaintiff,

    v.                                                      CASE NO. 3:12-cv-1582(VLB)

MICHAEL PAFUMI, et al.,
    Defendants.

## RULING AND ORDER

Plaintiff, Yashua Messiah a/k/a Robin Zakia Elliott, is currently incarcerated at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico. He has filed a civil rights action against numerous employees of the Connecticut Department of Correction. The court addresses the plaintiff's application to proceed *in forma pauperis* and motion for injunctive relief.

I.    **Motion to Allow Unusual Filing and Order [Doc No. 4]**

The plaintiff states prison officials in Connecticut transferred him to a prison in New Mexico in October 2012. He arrived at Southern New Mexico Correctional Institution on October 24, 2012. He claims that he does not have access to all of his legal materials and books. He also indicates that neither the New Mexico prison officials, nor Connecticut prison officials will sign his inmate account or produce a six month ledger statement from his account. New Mexico prison officials refuse to make the necessary copies of the complaint to be sent to the court for service on the defendants and will not permit him to use a pen.

Many of the issues referred to by the plaintiff have become moot. *See Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976). *See also Martin-Trigona v.*

*Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). The court has received the plaintiff's Prison Authorization Form, his Certified Prison Account Statement and Ledger Sheet showing six months of account activity. The court does not require that motions or other documents to be filed in pen. Thus, the plaintiff may use a pencil to draft documents to be filed in this case. Additionally, the plaintiff is not required to submit copies of his complaint for service. The Clerk will take care of making the necessary copies for service of the complaint on the defendants.

The plaintiff mentions witness declarations that he was unable to attach to his complaint before filing it due to his transfer from the Connecticut Department of Correction to New Mexico. The plaintiff is not required to file declarations in support of his complaint. Any affidavits or declarations may be submitted in support of or in opposition to any motion for summary judgment that might be filed in the future.

The plaintiff claims that fourteen boxes of legal documents were transferred with him to New Mexico. Prison officials in New Mexico informed the plaintiff that he could not access these boxes until he had been classified and sent to his "institution of placement which could take from 30 to 90 days." Mot. at 2.

The court must have *in personam* over an individual before it can validly enter an injunction against him or her. *See Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed.

2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction ... is binding only upon the parties to the action ..."). None of the defendants in this action are from the New Mexico Department of Correction. Because the court does not have in personam jurisdiction over New Mexico Department of Correction prison officials, it cannot enjoin their actions. Furthermore, it is apparent that the plaintiff likely has access to his boxes of documents given that more than nine months have passed since his transfer to New Mexico. For all of the reasons above, the motion for injunctive relief is denied.

II. Application to Proceed *In Forma Pauperis* [Doc. No. 1]

Plaintiff discloses in his application to proceed *in forma pauperis* that he received $5,500.00 within the last twelve months prior to filing this action. (*See* Doc. No. 1.) In addition, his prison account statement reflects deposits in various amounts, including a deposit of $350.00 in June 2012 and a deposit of $240.00 in September 2012. (*See* Doc. No. 9.)

In light of this information, the court finds that Plaintiff has failed to establish that he qualifies to proceed *in forma pauperis* and that his *in forma pauperis* application was granted in error. The court will revoke Plaintiff's *in forma pauperis* status if Plaintiff has not filed, within thirty (30) days of the date of this order, an affidavit or declaration signed under oath and under penalty of perjury, stating facts establishing that he lacked sufficient funds to pay the fee required to file this action. Such affidavit or declaration should detail Plaintiff's

receipt and disposition of the funds referenced above and include Plaintiff's inmate account statements beginning six (6) months prior to the date this action was commenced to and including the month the declaration is signed.

## Conclusion

The Motion for Order [Doc. No. 4] is DENIED. Failure to file the declaration or affidavit as described above within thirty (30) days of the date of this order will result in the court's revocation of the order granting the application to proceed *in forma pauperis*.

SO ORDERED at Hartford, Connecticut this __30th_ day of August, 2013.

_____/s/_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE