```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

YASHUA MESSIAH
A/K/A ROBIN BERNARD ELLIOTT,
         Plaintiff,

     v.                              CASE NO. 3:12-cv-1582(DJS)

MICHAEL PAFUMI, et al.,
         Defendants.
```

## INITIAL REVIEW ORDER

The plaintiff, Yashua Messiah a/k/a Robin Bernard Elliott, is currently incarcerated at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico.  He filed this civil action *pro se* pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 12101, 18 U.S.C. § 2340, 29 U.S.C. § 794 and the Standard Minimum Rules for the Treatment of Prisoners. The complaint also contains state law claims of battery, negligence, and intentional infliction of emotional distress. The plaintiff names the following individuals as defendants: Michael Pafumi, Commissioners Brian K. Murphy and Leo Arnone, Deputy Commissioner James Dzurenda, Warden Quiros and E. Maldonado, Direction of Population Management Lynn Millings, Drs. Ducate, Bucannan, Mauher, Vaqui, Brandau and Ruiz, Nurses Pam and Gladys, Captains Little, Dennis Oglesby, Rae, Roche and Jaison Cahill, Lieutenants John Doe, Melvin Saylor, Paul Germond, Rivera, Sharp, Correia and Marinelli, Correctional Officers Prior, J. Knob, Nicole Daniels, A. Mumin, Ciebolter, M. Stebbne, Michael Jaison, Scott Gorman, W. Steward, Thomas, St. John, Williams, Lash, A. Santiago, J. Smith, Blais, Congelos and Brace

and Inmate D. Riles.  The plaintiff has submitted the filing fee to commence this action.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id*.  This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*.  *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or  'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.

2

*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that during the period from December 2009 through October 2012, the defendants subjected him to unconstitutional conditions of confinement and excessive use of force.  In addition, he alleges that the defendants denied him access to courts, retaliated against him for filing grievances and lawsuits, were deliberately indifferent to his safety, denied him due process and equal protection of the laws, and interfered with his First Amendment rights to read and possess various publications and photographs. Defendants Drs. Ducate, Bucannan, Mauher, Vaqui, Brandau and Ruiz and Nurses Pam and Gladys were deliberately indifferent to his medical conditions, including a shoulder injury, foot pain, Hepatitis C, tremors and asthma. Defendant Inmate Daniel Riles conspired with various defendants to harass and subject the plaintiff to unconstitutional conditions of confinement.

I.   **International Law**

The plaintiff claims that the defendants violated his rights under the Standard Minimum Rules for the Treatment of Prisoners which was adopted by the First United Nations Congress on the Prevention of Crime and the Treatment of Offenders in 1955.

These rules constitute non-binding guidelines and call upon governments to take certain action.  They are not intended to confer rights upon individuals.  *See Serra v. Lappin*, 600 F.3d 1191, 1197 (9th Cir. 2010) (The Standard Minimum Rules for the Treatment of Prisoners was adopted "to set out what is generally accepted as being good principle and practice in the treatment of prisoners and the management of institutions.  It is not a treaty, [] is not binding on the United States . . . [and] does not purport to serve as a source of private rights." (internal quotation marks and citation omitted)).

Because the Standard Minimum Rules for the Treatment of Prisoners is a non-binding resolution, it does not create a source of private rights enforceable in federal court.  The claims under these guidelines are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

## II.  Federal Criminal Statute

The plaintiff alleges that the defendants violated his right under the federal anti-torture statute, 18 U.S.C. § 2340.  "It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not ... by private complaints."  *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972).  This federal criminal statute does not create a private civil right of action.  *See Renkel v. U.S.,* 456 F.3d 640, 644-45 (6th Cir.2006) (Sections 2340 and 2340A of Title 18 "criminalize torture outside

4

the United States; they do not provide civil redress for torture within the United States"). Thus, the claim based on a violation of 18 U.S.C. § 2340 is dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

### III. Americans with Disabilities and Rehabilitation Act

The plaintiff includes Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. and the Rehabilitation Act ("RA"), 29 U.S.C. § 794 in his jurisdictional statement on page eleven of the Complaint. The plaintiff does not, however, assert any facts in support of a claim under either of these Acts or otherwise mention these Acts anywhere else in the eighty-eight page Complaint. As such, the plaintiff has failed to allege that the defendants violated his rights under the ADA or the RA. The claims under these Acts are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### IV. Civil Rights Statutes

The plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985 and 1986. Each of these claims will be discussed below.

#### A. Section 1985

The first two subsections of 42 U.S.C. § 1985 clearly are not relevant to this action. Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings. The plaintiff is not a federal official and his

5

claims are not related to participation of witnesses in judicial proceedings.

In order to state a claim under section 1985(3), plaintiff must allege: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Importantly, plaintiff must show that the conspiracy was motivated by a "racial, or perhaps otherwise class-based invidiously discriminatory animus." *Id.* at 102. Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights. *See id.* at 101-02.

Although the plaintiff asserts facts to support a plausible claim of conspiracy on the part of the defendants, he does not allege that the actions of the defendants were taken because of his race or other class-based discriminatory animus. Thus, plaintiff fails to state a claim cognizable under section 1985(3). The Section 1985 claims are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

    B.    **Section 1986**

Section 1986 provides no substantive rights; it provides a

6

remedy for the violation of section 1985. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 222 n.28 (1970) (Brennan, J., concurring in part and dissenting in part). Thus, a prerequisite for an actionable claim under section 1986 is a viable claim under section 1985. Because the plaintiff has not stated a section 1985 claim, his section 1986 claims are not actionable and are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

    C.    **Section 1983**

The plaintiff asserts claims under the First, Eighth and Fourteenth Amendments. The plaintiff describes John Doe as a Lieutenant who was a disciplinary hearing officer at Northern. The only claim against him is that he presided over a disciplinary hearing on October 18, 2011. During that hearing, John Doe allegedly failed to provide the plaintiff with his own witness statement to use to prepare his defense. The plaintiff also accused Correctional Officer Knob, who was a disciplinary coordinator, of failing to provide him with his own witness statement.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that an inmate charged with a disciplinary violation is entitled to written notice of the charges at least twenty-four hours in advance of the hearing, the opportunity to present witnesses and documentary evidence before an impartial hearing officer or committee as long as doing so will not jeopardize prison safety and security, and a written statement of the

reasons for the disciplinary action taken. *Id.* at 564-66. An inmate has no right to retained or appointed counsel at a disciplinary hearing, but in some circumstances may be entitled to the appointment of an advocate or assistance from a fellow inmate. *Id.* at 570.

The plaintiff does not allege that defendant Doe failed to provide him with a notice of the charges against him or denied him an opportunity to present witnesses or evidence. Nor does he allege that the defendant neglected to give him a statement of the reasons for any disciplinary action taken after the hearing. Thus, he has not asserted that defendant John Doe Disciplinary Hearing Officer violated his due process rights. The claim that John Doe Disciplinary Hearing Officer would not provide the plaintiff with a copy of his own statement fails to state a claim upon which relief may be granted. The claims against John Doe are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

After careful review, the court determines that the case will proceed at this time as to claims that defendants Murphy, Arnone, Dzurenda, Quiros, Maldonado, Millings, Little, Oglesby, Rae, Roche, Cahill, Lieutenants John Doe, Melvin Saylor, Paul Germond, Rivera Correia, Marinelli, Pafumi, Prior, Knob, Daniels, Mumin, Ciebolter, Stebbne, Jaison, Gorman, Steward, Thomas, St. John, Williams, Lash, Santiago, Smith, Blais, Congelos and Brace subjected the plaintiff to unconstitutional conditions of confinement and excessive use of force, denied him access to

courts, retaliated against him for filing grievances and lawsuits, were deliberately indifferent to his safety, denied him due process and equal protection of the laws and interfered with his First Amendment rights to read and possess various publications and photographs.  The case will also proceed as to the claims that defendants Drs. Ducate, Bucannan, Mauher, Vaqui, Brandau and Ruiz and Nurses Pam and Gladys were deliberately indifferent to his medical conditions, including a shoulder injury, foot pain, Hepatitis C, tremors and asthma, and that defendant inmate Riles conspired with various defendants to harass and subject the plaintiff to unconstitutional conditions of confinement.

To the extent that the plaintiff seeks monetary damages from these defendants in their official capacities, the request is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  All claims for monetary damages against defendants Murphy, Arnone, Dzurenda, Quiros, Maldonado, Millings, Little, Oglesby, Rae, Roche, Cahill, Lieutenants John Doe, Melvin Saylor, Paul Germond, Rivera, Sharp, Correia, Marinelli, Pafumi, Prior, Knob, Daniels, Mumin, Ciebolter, Stebbne, Jaison, Gorman, Steward, Thomas, St. John,

Williams, Lash, Santiago, Smith, Blais, Congelos, Brace, Ducate, Bucannan, Mauger, Vaqui, Brandau, Ruiz, Pam and Gladys in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The Second Circuit has held that an inmate's requests for injunctive and declaratory relief against correctional staff or conditions of confinement at a particular correctional institution become moot when the inmate is discharged or transferred to a different correctional institution. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006); *Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976).

The plaintiff's allegations regarding conditions at Northern occurred between 2009 and 2012. The plaintiff is currently incarcerated at a prison facility in New Mexico. Because the relief sought by the plaintiff is no longer needed, the claim for injunctive relief is dismissed as moot as to all defendants. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff seeks a declaration that the defendants violated his federal constitutional rights as well as his rights under international law. Declaratory relief is intended to enable parties to adjudicate claims before either side suffers great harm. *See In re Combustible Equip. Assoc. Inc.*, 838 F.2d 35, 37 (2d Cir. 1988). Declaratory relief operates prospectively. Thus, it is inappropriate for prior acts because damages have already accrued. *See National Union Fire Ins. Co.*

*of Pittsburgh, Pa. v. International Wire Group, Inc.*, No. 02 Civ. 10338 (SAS), 2003 WL 21277114, at *5 (S.D.N.Y. June 2, 2003) ("There is no basis for declaratory relief where only past acts are involved.").

The alleged violations of the plaintiff's rights which occurred over a year ago at Northern will be compensated by monetary damages should he prevail in this action. Accordingly, declaratory relief is not appropriate. The request for declaratory relief is dismissed as to all defendants. *See* 28 U.S.C. § 1915A(b)(1).

### ORDERS

The court enters the following orders:

(1) All claims under the Standard Minimum Rules for the Treatment of Prisoners which was adopted by the First United Nations Congress on the Prevention of Crime and the Treatment of Offenders in 1955 as well as all claims under 18 U.S.C. § 2340, 42 U.S.C. §§ 1985 and 1986, 42 U.S.C. § 12101, *et seq.* (the ADA) and 29 U.S.C. § 794 (the RA), and all claims for injunctive and declaratory relief against the defendants in their official capacities are **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1). The claims under 42 U.S.C. § 1983 claims are **DISMISSED** against defendant John Doe. *See* 28 U.S.C. § 1915A(b)(1). Thus, all claims have been **DISMISSED** against defendant Doe.

The claims for monetary damages against defendants Murphy,

Arnone, Dzurenda, Quiros, Maldonado, Millings, Little, Oglesby, Rae, Roche, Cahill, Melvin Saylor, Paul Germond, Rivera, Sharp, Correia, Marinelli, Pafumi, Prior, Knob, Daniels, Mumin, Ciebolter, Stebbne, Jaison, Gorman, Steward, Thomas, St. John, Williams, Lash, Santiago, Smith, Blais, Congelos, Brace, Ducate, Bucannan, Mauher, Vaqui, Brandau, Ruiz, Pam and Gladys in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).

The remaining Section 1983 claims will proceed against defendants Murphy, Arnone, Dzurenda, Quiros, Maldonado, Millings, Little, Oglesby, Rae, Roche, Cahill, Melvin Saylor, Paul Germond, Rivera, Sharp, Correia, Marinelli, Pafumi, Prior, Knob, Daniels, Mumin, Ciebolter, Stebbne, Jaison, Gorman, Steward, Thomas, St. John, Williams, Lash, Santiago, Smith, Blais, Congelos, Brace, Ducate, Bucannan, Mauher, Vaqui, Brandau, Ruiz, Pam, Gladys and Riles in their individual capacities.  In addition, the state law claims of battery, negligence, and intentional infliction of emotional distress will proceed against these defendants.

(2)  Because the plaintiff has paid the filing fee to commence this action, he is responsible for effecting service of the Complaint.  **The plaintiff shall** serve the Complaint on the defendants in their individual and official capacities in accordance with Rule 4, Fed. R. Civ. P., within **60 days** from the date of this order and file a return of service with the Court within **70 days** from the date of this order.  The plaintiff is

cautioned that if he fails to effect service within the time specified, the action may be dismissed.

(3) The Pro Se Prisoner Litigation Office shall send the plaintiff instructions on serving a complaint and a Notice of Lawsuit and Waiver of Service of Summons form along with a copy of this Order.

(4) The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) Defendants shall file their response to the Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a  dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted

absent objection.

(9)  If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write "PLEASE NOTE MY NEW ADDRESS."  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address.  The plaintiff should also notify the defendant(s) or the attorney for the defendant(s), if appropriate, of his or her new address.

SO ORDERED at Hartford, Connecticut this 25th       day of April,  2014.


_____/s/ DJS_____
                    DOMINIC J. SQUATRITO
              UNITED STATES DISTRICT JUDGE